# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

UNPUBLISHED
November 20, 2014

v

No. 317242
Ottawa Circuit Court
LC No. 13-037212-FH

JEREMY DSHAWN WEATHERSPOON,

      Defendant-Appellee.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

Following a preliminary examination, the district court bound defendant over on charges of resisting and obstructing an officer, MCL 750.81d(1), and domestic violence, MCL 750.81(2). Defendant sought to quash the information in the circuit court, arguing that the officers illegally entered his dwelling. The circuit court agreed and the prosecutor now appeals. Because exigent circumstances and the need to provide emergency aid supported the warrantless entry, we reverse and remand for continued proceedings.

## I. BACKGROUND

At defendant's preliminary examination, Ottawa County Sheriff's Deputy Tyler VanDoeselaar testified that he responded to an early morning report of a possible domestic violence situation. The deputy approached the subject apartment and "heard multiple male and female voices inside arguing." The voices "sounded to be yelling amongst each other" and "it sounded heated." Deputy VanDoeselaar knocked, "but no one came to the door and all the voices inside quieted." Two other deputies arrived on the scene, they continued to knock on the door and announced their identity for approximately 20 minutes, to no avail. At one point, the deputies observed a female peek through the blinds and then disappear.

Deputy VanDoeselaar spoke to the individual who had contacted 911. That individual confirmed "that a domestic [sic] had possibly occurred with a child involved."[1] The deputies

---

[1] The victim testified at the preliminary examination that defendant was her boyfriend. She alleged that he assaulted her when she tried to leave with her infant and physically forced her to reenter the apartment against her will.

-1-

then knocked and announced again and warned that if the residents did not answer, the deputies "would break the door down." Ultimately, the deputies resorted to kicking in the door. There was an approximately 30-minute delay between the first deputy's arrival and the entry into the apartment. Inside, the deputies secured defendant and his brother while they interviewed defendant's girlfriend, the victim of the domestic violence. Defendant was uncooperative and physically resisted, resulting in the resisting and obstructing charge.

After the district court bound defendant over on charges of domestic violence and resisting and obstructing, defendant filed a circuit court motion to quash the information. Defendant argued that the domestic violence report combined with arguing voices inside an apartment were insufficient grounds "to justify a warrantless, forcible and nonconsensual entry" into defendant's residence. The circumstances did not rise to a level of exigent circumstances, in defendant's estimation. As the entry was illegal, defendant continued, his arrest was illegal and defendant was within his right to resist that arrest. See *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012).

The circuit court conducted a hearing based on the evidence developed at the preliminary examination. The circuit court quashed the information, ruling:

> In this case, however, the Court is convinced that, because the police heard no specific threats and because the noise inside the building had subsided and had done so for 20 minutes, the Court believes that the officers could have and should have obtained a warrant for entry, and that . . . the arrest of the defendant is tainted by the illegal entry, and he had the right to resist . . . an illegal arrest.

This appeal followed.

## II. ANALYSIS

The prosecutor first contends that the circuit court abused its discretion in failing to conduct an evidentiary hearing on defendant's motion to quash, instead relying solely on the preliminary examination testimony. See *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008) (noting that preserved challenges to the failure to conduct an evidentiary hearing are reviewed for an abuse of discretion). The prosecutor raised no objection to this practice below, and our review is therefore limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1990). MCR 6.110(D) permits the parties in a criminal action to rely on preliminary examination testimony in a post-examination motion to exclude evidence. See *People v Kaufman*, 457 Mich 266, 275-276; 577 NW2d 466 (1998) (holding that the parties in a criminal action may stipulate to resolving a motion to suppress on the preliminary examination transcript). Defendant's motion to quash specifically indicated his reliance on the preliminary examination testimony alone. Absent a request from the prosecutor for a separate hearing, we can discern no error on the circuit court's part in this regard.

The prosecutor also challenges the substance of the circuit court's decision to quash the information. We review the decision to quash for an abuse of discretion and underlying "interpretation of the law related to [the] decision" de novo. *People v Waterstone*, 296 Mich App 121, 152-153; 818 NW2d 432 (2012).

The prosecutor contended below that the deputies were required to conduct an "emergency entry into the residence" because they were "[c]oncerned about the welfare and wellbeing of both the female victim in this case and the child."

> Both the United States and Michigan Constitutions guarantee the right against unreasonable searches and seizures. US Const, Am IV, and Const 1963, art 1, § 11. The lawfulness of a search or seizure depends on its reasonableness. *Illinois v McArthur*, 531 U.S. 326; 121 S Ct 946; 148 L Ed 2d 838 (2001); People *v Snider*, 239 Mich App 393, 406; 608 NW2d 502 (2000). As a general rule, searches conducted without a warrant are per se unreasonable under the Fourth Amendment unless the police conduct falls under one of the established exceptions to the warrant requirement. *People v Borchard-Ruhland*, 460 Mich 278, 293-294; 597 NW2d 1 (1999); *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993); *Snider*, 239 Mich App at 407. [*People v Beuschlein*, 245 Mich App 744, 749; 630 NW2d 921 (2001).]

Relevant to this appeal, an "established exception[] to the warrant requirement" exists in the presence of "exigent circumstances." *In re Forfeiture of $176,598*, 443 Mich 261, 266; 505 NW2d 201 (1993).

> Pursuant to the exigent circumstances exception, . . . the police may enter a dwelling without a warrant if the officers possess probable cause to believe that a crime was recently committed on the premises, and probable cause to believe that the premises contain evidence or perpetrators of the suspected crime. The police must further establish the existence of an actual emergency on the basis of specific and objective facts indicating that immediate action is necessary to (1) prevent the imminent destruction of evidence, (2) protect the police officers or others, or (3) prevent the escape of a suspect. [*Id.* at 271.]

"Probable cause," as required to justify a warrantless entry, "exists when the facts and circumstances known to the police officers at the time of the search would lead a reasonably prudent person to believe that a crime has been or is being committed and that evidence will be found in a particular place." *Beuschlein*, 245 Mich App at 750.

Here, the Ottawa County Sheriff's Department received a 911 call reporting a possible domestic assault. Upon arrival, Deputy VanDoeselaar heard a heated argument inside the apartment. Yet, the occupants refused to answer the door even after the deputy identified himself as a law enforcement official. Shortly thereafter, deputies observed a female peeking from the window blinds. Deputy VanDoeselaar conferred with the reporting individual and learned that a child may be involved in the domestic assault situation. The information available to the deputies was sufficient to create "probable cause to believe that a crime was recently committed on the premises" and that the perpetrator and victim were inside the apartment. *In re*

*Forfeiture*, 443 Mich at 271. The available information also "establish[ed] the existence of an actual emergency" necessitating "immediate action" to protect the victim and child. *Id.*

Defendant contends that the 30-minute delay between Deputy VanDoeselaar's arrival and the entry negates any finding of exigent circumstances. We will not adopt a rule that prevents law enforcement officials from taking immediate action to protect citizens simply because they first investigated the situation to avoid a rash and unnecessary result. In this regard we find instructive the opinion of the Court of Appeals for the Tenth Circuit in *United States v Najar*, 451 F3d 710 (CA 10, 2006).[2] In *Najar*, the officers responding to the scene of a reported domestic assault waited to force entry until they had knocked several times on the door, conducted a perimeter search, and attempted telephone contact with the home's occupants. *Id.* at 716-717. The Tenth Circuit held, "A delay caused by a reasonable investigation into the situation facing the officers does not obviate the existence of an emergency." *Id.* at 719. Rather than use the delay to exclude evidence from the warrantless search, the court commended the officers: "[T]he delay was due to the officers' repeated and increasingly vigorous attempts to make contact with the person they could see inside. To their credit, they did not simply batter down the door. We applaud their restraint and circumspection." *Id.*

The prosecutor also relies on the "emergency-aid exception" to the warrant requirement. Under this exception, "police officers [may] enter a dwelling without a warrant under circumstances in which they reasonably believe, based on specific, articulable facts, that some person within is in need of immediate aid." *People v Tierney*, 266 Mich App 687, 704; 703 NW2d 204 (2005). "[T]he entry must be limited to the justification therefor, and the officer may not do more than is reasonably necessary to determine whether a person is in need of assistance, and to provide that assistance." *Beuschlein*, 245 Mich App at 756.

The deputies arrived at the scene of a domestic assault in which a woman and infant were placed in danger. All information led to the conclusion that the woman and child were inside the apartment. Arguing was heard when the deputies arrived. The quieting of the argument upon the announcement of law enforcement's arrival did not necessarily reflect the end of the conflict, as defendant suggests, but could just as easily have signified an unlawful imprisonment of the woman and child, as noted by the prosecutor. Moreover, the deputies did not exceed the scope of action permitted under the exception. It was reasonable to handcuff defendant and his brother while the deputies interviewed the victim. See *Brendlin v California*, 551 US 249, 258; 127 S Ct 2400; 168 L Ed 2d 132 (2007) ("It is . . . reasonable . . . to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardize his safety.")

---

[2] Lower federal court decisions are not binding, but we may consider them persuasive. *People v Fomby*, 300 Mich App 46, 50 n 1; 831 NW2d 887 (2013).

Ultimately, the deputies' warrantless entry into defendant's apartment was justified under two separate exceptions to the warrant requirement. As the entry was legal, the evidence uncovered regarding the domestic violence is admissible and defendant was not entitled to resist arrest as described in *Moreno*. The circuit court therefore abused its discretion in quashing the information.

We reverse and remand for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Pat M. Donofrio
/s/ Elizabeth L. Gleicher